**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Rodney Handy, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>Shane Darden, individually,<br>Timothy Taylor, individually,<br>Does 1-10, in their individual capacities,<br>Charles H. Ramsey, in his official capacity,<br>and the City and County of Philadelphia,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. ___________<br><br>Jury Trial Demanded |

---

**COMPLAINT**

---

Plaintiff, Rodney Handy, Jr., by and through his attorney, David B. Sherman, complains against Defendants and requests trial by jury as follows:

## I. INTRODUCTION

1. This is an action brought by Rodney Handy, Jr., an African-American, to vindicate, *inter alia*, profound deprivations of his constitutional rights caused by, *inter alia*, race-based police brutality.

2. On March 19, 2012, at approximately 10:30 p.m., Plaintiff, then a 22-year old college student, was stopped by Philadelphia police officers as he was pulling his automobile into the driveway of his residence, after having just finished work.

3. During the course of this stop, Plaintiff was not only senselessly beaten and tasered, but also racially-branded by Philadelphia police officers, who called him "nigger" and other racial slurs and epithets.

4. At the time of this stop, Plaintiff was known to be defenseless and the Defendant police officers had no reason to view Plaintiff as a threat of any kind.

5. The individually-sued Defendant police officers assaulted Plaintiff with their fists, legs and feet, flashlights and other equipment, beating his face, head and body many times until he was rendered nearly unconscious.

6. Notwithstanding the aforementioned stop, and savage beating and shooting, all criminal charges that were lodged against Plaintiff were dropped or, upon information and belief, "erased" by Defendants from the computer system of the Philadelphia Police Department.

7. Plaintiff was an innocent, non-violent victim of Philadelphia police officers gone out of control.

## II. JURISDICTION, VENUE, AND NOTICE

8. This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 42 U.S.C. § 1988 and other applicable law. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2201.

9. This case is instituted in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391 as the judicial district in which all of the relevant events and omissions occurred and in which each of the Defendants maintains offices and/or resides.

## III. PARTIES

10. At all times relevant hereto, Plaintiff was a resident of the state of Pennsylvania and a citizen of the United States of America.

11. At all times relevant hereto, Defendant, Shane Darden, was a citizen of the United States of America and a resident of the state of Pennsylvania and was acting under color of state law in his capacity as a law enforcement officer employed by the City and County of Philadelphia and/or the Philadelphia Police Department.

12. Defendant Shane Darden is a Caucasian.

13. Defendant Shane Darden is sued individually.

14. At all times relevant hereto, Defendant, Timothy Taylor, was a citizen of the United States of America and a resident of the state of Pennsylvania and was acting under color of state law in his capacity as a law enforcement officer employed by the City and County of Philadelphia and/or the Philadelphia Police Department.

15. Defendant Timothy Taylor is a Caucasian.

16. Defendant Timothy Taylor is sued individually.

17. At all times relevant hereto, Defendants Does 1-10 were citizens of the United States of America and residents of the state of Pennsylvania and were acting under color of state law in their capacities as law enforcement officers employed by the City and County of Philadelphia and/or the Philadelphia Police Department.

18. Defendants Does 1-10 are sued in their individual capacities.

19. Defendant, the City and County of Philadelphia, which are hereinafter collectively referred to as the "Defendant City," is a Pennsylvania municipal corporation and is the legal entity responsible for itself and the Philadelphia Police Department. This Defendant is also the

employer of the individual Defendant police officers and is a proper entity to be sued under 42 U.S.C. § 1983 and other applicable law.

20. At all times relevant hereto, Defendant, Charles H. Ramsey ("Ramsey), was a citizen of the United States of America and a resident of the state of Pennsylvania.

21. Defendant Ramsey is sued in his official capacity as the Chief of the Philadelphia Police Department.

22. At all times relevant hereto, Defendant Ramsey was employed by the Defendant City and/or the Philadelphia Police Department and was acting under color of state law.

23. As the Chief of the Philadelphia Police Department, Defendant Ramsey both exercised and delegated his municipal final decision making powers to the Internal Affairs Division of the Philadelphia Police Department ("Internal Affairs") and others.

24. Upon information and belief, Defendant Ramsey also trained and supervised some or all of individual Defendant police officers.

25. The Defendant City and Defendant Ramsey are properly sued directly under 42 U.S.C. § 1983 for their own and their delegated deliberately-indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained-of constitutional and statutory violations and resulting injuries.

26. The Defendant City is also properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of Defendant Ramsey in his official capacity as the Chief of the Philadelphia Police Department, and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately-indifferent policies, decisions, widespread habits, customs, usages and practices.

## IV. STATEMENT OF FACTS

27. Plaintiff repeats and realleges paragraphs 1 through 26, as if they were fully set forth herein.

28. At the time that he was confronted by Philadelphia police officers, including, but not limited to, Defendants Darden and Taylor, Plaintiff was pulling his car into the driveway of his residence, after having finished work at the Marshall's department store located in Willow Grove, Pennsylvania.

29. Plaintiff was wearing his Marshall's name plate at the time of the stop.

30. Plaintiff's name plate was plainly visible to Defendants Darden and Taylor and the other individual Defendant police officers.

31. Defendants Darden and Taylor made the initial contact with Plaintiff by pulling in front of Plaintiff's automobile as he was parking, and by otherwise restricting his ability to move his car.

32. By restraining and/or terminating Plaintiff's freedom of movement, Defendants Darden and Taylor seized Plaintiff for purposes of the Fourth Amendment to the United States Constitution and other applicable law.

33. Plaintiff rolled-down the window of his car and calmly advised Defendants Darden and Taylor that he lived at the residence in question.

34. Plaintiff then calmly inquired of Defendants Darden and Taylor why they were stopping him.

35. Defendants Darden and Taylor advised Plaintiff that there had been a report of gunfire in the area.

36. Despite Plaintiff's full and complete cooperation with them, Defendants Darden and Taylor then grabbed Plaintiff through the open car window and yelled at him to get the "fuck" out of the car.

37. Without waiting for Plaintiff to respond to their command, Defendants Darden and Taylor then dragged Plaintiff out of his car by pulling him through the open car window.

38. Defendants Darden and Taylor then frisked and patted-down Plaintiff.

39. No weapons of any kind were found on Plaintiff or in his car.

40. During this time, Defendants Does 1-10 arrived at the scene in a police wagon and other police vehicles.

41. Defendants Does 1-10 stood by while Defendants Darden and Taylor continued their search of Plaintiff and his car.

42. During the course of the search, frisk and pat-down, Plaintiff calmly asked Defendants Darden and Taylor if they had a warrant.

43. Defendants Darden and Taylor responded by yelling at Plaintiff to "shut-up."

44. This question was constitutionally-protected speech under the First Amendment to the United States Constitution.

45. Defendants Darden and Taylor became irate at this questioning of their legal authority by an African-American.

46. Without any justification or provocation, Defendants Darden and Taylor then repeatedly punched Plaintiff in and about the face, head and body, all the while calling him "nigger" and other racial slurs and epithets.

47. After repeatedly punching Plaintiff in the face, head and body, Defendants Darden and Taylor then violently slammed Plaintiff to the ground.

48. While Plaintiff was down on the ground, Defendants Darden and Taylor continued to strike Plaintiff in the face, head and body many times with their fists, legs and feet, and flashlights and other weapons, subjecting him to deadly force.

49. Both Defendants Darden and Taylor engaged in this unprovoked attack.

50. None of the other Philadelphia police officers present at the scene took any steps to protect Plaintiff against the other officer's use of excessive force, despite having a realistic and reasonable opportunity and having a duty to do so.

51. More Philadelphia police officers and personnel arrived at the scene and joined in on or otherwise facilitated this one-sided attack upon Plaintiff.

52. This additional force by additional Philadelphia police officers was also not remotely justified.

53. No police officer present at the scene objected to the use of the racial epithets and verbal abuse heaped upon Plaintiff and all jointly participated in this beating and branding.

54. While he was lying on the ground nearly unconscious, either Defendant Darden or Defendant Taylor shot Plaintiff with a Taser gun, again subjecting Plaintiff to deadly force.

55. When he came to, Plaintiff was lying in a pool of his own blood with the projectiles from the Taser gun protruding from his body, and hand-cuffed.

56. Plaintiff was taken by Defendants to Albert Einstein Medical Center where he was treated for lacerations, and serious closed head injuries, including a large hematoma and a concussion, and to have the projectiles from the Taser gun removed from his body.

57. Plaintiff required several dozen stitches to control the bleeding and to close the numerous large wounds to his head.

58. The extent and damage of Plaintiff's closed head injuries are not yet fully ascertained.

59. In their angst to divert from liability for, and cover-up, their vicious, brutal and racist attack on a defenseless African-American, Defendants Darden and Taylor, and the other police officers present at the scene, next conspired and/or acted in concert to arrest Plaintiff.

60. After they had placed Plaintiff under arrest, Defendants brought Plaintiff to the 36th Police District where they advised him that he was being charged with assaulting police officers, resisting arrest and other criminal offenses.

61. However, all of the charges that were lodged or filed against Plaintiff were dropped or, upon information and belief, erased by Defendants from the computer system of the Philadelphia Police Department or otherwise destroyed.

62. Upon information and belief, Defendants also erased from the computer system of the Philadelphia Police Department or otherwise destroyed any and all police reports, incident reports, police statements, use of force reports and all other official records regarding this incident with Plaintiff.

63. At the time of this incident, Plaintiff was an unarmed college student who was no match for two or more grown (and armed) police officers.

64. All of the above-described acts were done by the each of individual Defendant police officers intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for Plaintiff's federally-protected rights and other applicable rights, and were done pursuant to the preexisting and ongoing deliberately-indifferent official customs, practices, decisions, policies and training, and supervision of the Defendant City and Defendant Ramsey acting under color of state law.

A. Defendant Darden's History with the Philadelphia Police Department

65. Defendant Darden joined the Philadelphia Police Department in 1995. (*See Lyons v. City of Philadelphia*, 2007 U.S. Dist. LEXIS 76646 at 8-9 (E.D. Pa., Oct. 12, 2007).

66. It has been reported that Defendant Darden has had a history of misconduct while being a member of the Philadelphia Police Department. (*Id.* at 8-10.)

67. It has been reported that Defendant Darden has been subject of at least nine (9) investigations by Internal Affairs. (*Id.*)

68. It has been reported that Defendant Darden has been the subject of at least five (5) Police Board Inquiries. (*Id.*)

69. It has been reported that Defendant Darden has completed Use of Force reports at least fourteen (14) times. (*Id.*)

B. The Investigatory and Disciplinary Process Employed By Internal Affairs

70. The review process of Internal Affairs and the sufficiency of the disciplinary action taken by the Philadelphia Police Department in response to complaints of misconduct against police officers were the subjects of a report produced in December 2003 by the Integrity and Accountability Office of the Philadelphia Police Department (the "Report"). (*Id.* at 5-6.)

71. The Report followed two extensive studies on the same subject. (*Id.*)

72. These prior studies cited serious shortcomings in the disciplinary practices and procedures of the Philadelphia Police Department that compromised the integrity of the entire police force. (*Id.*)

73. One of the Report's conclusions was that "[t]he disciplinary system in the Philadelphia Police Department remains fundamentally ineffective, inadequate and unpredictable." (*Id.*)

74. With deliberate indifference to the rights of citizens to be free from excessive force by police, the Defendant City and Defendant Ramsey have ongoingly encouraged, tolerated, ratified, and acquiesced to a dangerous environment of police brutality by:

(a) failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force;

(b) failing to punish adequately unconstitutional uses of force;

(c) tolerating the use of unconstitutional force;

(d) ongoingly failing to properly or neutrally investigate citizen complaints of excessive force;

(e) tolerating, encouraging, and permitting collusive statements by involved officers in such situations; and

(f) ignoring systemic deficiencies in the investigatory and disciplinary mechanisms of the Philadelphia Police Department.

75. It is the longstanding, widespread, deliberately-indifferent, custom, habit, practice and/or policy of the Defendant City, Defendant Ramsey and the Philadelphia Police Department to permit police officers to use excessive force against individuals when such use is unnecessary and unjustified, as well as to fail to supervise and to train law enforcement personnel in the appropriate constitutional limits on the use of force, knowing that these members of law enforcement therefore pose a significant risk of injury to the public.

76. With deliberate indifference to the rights of citizens to be free from racism in law enforcement, the Defendant City and Defendant Ramsey have ongoingly encouraged, tolerated, ratified, and acquiesced to police racism by:

(a) failing to conduct sufficient training or supervision with respect to the rights of citizens to be free from racism in law enforcement;

(b) failing to adequately punish race-based law enforcement actions;

(c) ongoingly tolerating racism, slurs, and race-based selective law enforcement among the police force and in police decisions;

(d) failing to properly investigate citizen complaints of racism, use of racial slurs, racial profiling, race-based animus and toleration of collusive statements by involved officers in such situations; and

(e) ignoring systemic deficiencies in the investigatory and disciplinary mechanisms of the Philadelphia Police Department.

77. It is the longstanding, widespread, deliberately-indifferent, custom, habit, practice and/or policy of the Defendant City, Defendant Ramsey and the Philadelphia Police Department to permit police officers to use race and race-based animus as motivating factors in police decisions and actions, as well as to fail to supervise and to train law enforcement personnel in the rights of citizens to be free from such race-based decision making in law enforcement.

78. With deliberate indifference to the rights of citizens to be free from retaliation for exercising their First Amendment rights, the Defendant City and Defendant Ramsey have ongoingly encouraged, tolerated, ratified, and acquiesced to a dangerous environment of police retaliation to the exercise of such rights by:

(a) failing to conduct sufficient training or supervision with respect to the protected speech rights of citizens to question the actions of police without retaliation;

(b) failing to adequately punish retaliation by police against members of the public who exercise their protected speech rights to object to police conduct;

(c) tolerating the use of retaliation-based tactics on protected speech;

(d) ongoingly failing to properly investigate citizen complaints of retaliation for exercising their First Amendment Rights; and

(e) ignoring systemic deficiencies in the investigatory and disciplinary mechanisms of the Philadelphia Police Department.

79. It is the longstanding, widespread, deliberately-indifferent, custom, habit, practice and/or policy of the Defendant City, Defendant Ramsey and the Philadelphia Police Department to permit police officers to retaliate against individuals for exercising their First Amendment

rights, as well as to fail to supervise and train law enforcement personnel in the constitutional rights of individuals.

80. With deliberate indifference to the rights of citizens to be free from malicious prosecution, the Defendant City and Defendant Ramsey have ongoingly encouraged, tolerated, ratified, and acquiesced to the malicious prosecution and cover-up efforts by police officers by failing to investigate citizen complaints of police misconduct and instead accepting police accounts of events without question and rubber-stamping through Internal Affairs any police account given.

81. It is the longstanding and widespread custom, habit, practice and/or policy of the Defendant City, Defendant Ramsey and the Philadelphia Police Department to find no fault with police conduct as long as any story is given by police, regardless of how incredible.

82. Internal Affairs routinely ratifies, acquiesces, rubber-stamps and tolerates the malicious collusive conduct and unconstitutional actions of police by routinely ignoring serious complaints of race-based or other violent retaliation and fabrication of evidence by the police force.

83. Upon information and belief, the Defendant City and Defendant Ramsey did exactly that here, deciding through Internal Affairs to ratify and declare to be within policy these unconstitutional, racist and retaliatory actions with a bogus, insufficiently investigated and partial Internal Affairs finding of non-fault and justifiable use of deadly force by the police officers involved.

84. As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff has been substantially injured. These injuries include, but are not limited to, loss of constitutional, state and federal rights, physical injuries, impairments and disfigurement,

great pain and emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages for medical and/or psychological treatment caused by the unconstitutional and moving forces concerted conduct of all of these Defendants.

85. Plaintiff may be permanently disfigured from these injuries.

86. Plaintiff also suffers persisting neurological damage and sequelae from his closed head injury, the extent of which has not yet been fully ascertained.

87. Plaintiff also continues to suffer ongoing emotional distress, with significant PTSD type symptoms, including, but not limited to, sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from being savagely beaten and viciously slurred and branded.

88. Plaintiff's grandfather is a retired Captain of the Philadelphia Police Department.

89. Plaintiff's father, now deceased, was a probation officer with the City of Philadelphia for many years.

90. This incident has caused Plaintiff to lose a great deal of faith in law enforcement and the City of Philadelphia.

91. Plaintiff is also entitled to punitive damages on each of his claims against each of the individual Defendants personally to redress their willful, malicious, wanton, reckless and fraudulent conduct.

## V. CLAIMS FOR RELIEF

## COUNT I

**42 U.S.C. § 1983 – Excessive Force in violation of the Fourth and Fourteenth Amendments**
(Against Defendants Darden, Taylor and the Doe Defendants)

92. Plaintiff repeats and realleges paragraphs 1 through 91, as if they were fully set forth herein.

93. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

94. Plaintiff is a citizen of the United States of America and all of the individual Defendants are persons for purposes of 42 U.S.C. § 1983.

95. All of the individual Defendants, at all times relevant hereto, were acting under the color of state law in their capacities as Philadelphia police officers and their acts or omissions were conducted within the scope of their official duties or employment.

96. At the time of the complained-of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

97. Plaintiff also had the clearly-established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

98. Any reasonable police officer knew or should have known of these rights at the time of the complained-of conduct as they were clearly established at that time.

99. Defendants' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated Plaintiff's Fourth Amendment rights.

100. Defendants' actions and use of force, as described herein, were also malicious and/or involved reckless, callous and deliberate indifference to Plaintiff's federally-protected rights.

101. The force used by the individual Defendant police officers against Plaintiff shocks the conscience and violated Plaintiff's Fourteenth Amendment rights.

102. Defendants unlawfully seized Plaintiff by means of objectively unreasonable, excessive and conscious-shocking physical force, thereby unreasonably restraining Plaintiff of his freedom.

103. The force used by the individual Defendant police officers against Plaintiff constituted deadly force in that such force could have caused death and did cause serious bodily injury.

104. None of the individual Defendant police officers took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience-shocking excessive force of the other Defendant police officers or from the excessive force of later responding officers despite having a realistic and reasonable opportunity and having a duty to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience-shocking force of each other officer.

105. Defendants did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

106. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally-protected constitutional rights.

107. The acts or omissions of each of the individual Defendant police officers, Defendant City and Defendant Ramsey were moving forces behind Plaintiff's injuries.

108. The individual Defendant police officers acted in concert and joint action with each other.

109. The acts or omissions of the Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

110. None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

111. The Defendants at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage or practice in their actions pertaining to Plaintiff.

112. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

113. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically-related expenses and may continue to incur further medical expenses and other special damages, in amounts to be established at trial.

114. Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury, in amounts to be ascertained in trial.

115. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable law, pre-judgment interest and costs as allowable by federal and other applicable law. There may also be special damages for lien interests.

116. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendant police officers under 42 U.S.C. § 1983 and other applicable law, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of Plaintiff's constitutional rights.

**COUNT II**

**42 U.S.C. § 1983 – Racial Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1981**
(Against Defendants Darden, Taylor and Doe Defendants)

117. Plaintiff repeats and realleges paragraphs 1 through 116, as if they were fully set forth herein.

118. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

119. Plaintiff is a citizen of the United States of America and all of the individual Defendant police officers are persons for purposes of 42 U.S.C. § 1983.

120. All of the individual Defendant police officers, at all times relevant hereto, were acting under the color of state law in their capacities as Philadelphia police officers and their acts or omissions were conducted within the scope of their official duties or employment.

121. At the time of the complained-of events, Plaintiff had the clearly established constitutional right to be free from racial discrimination in law enforcement by police officers and to enjoy the equal protection of the laws.

122. Title 42 U.S.C. § 1981("Section 1981") provides, in pertinent part:

> (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

123. Plaintiff, as an African-American, is a member of a protected class, and thus also had the clearly established statutory right under this provision of 42 U.S.C. § 1981 to be free from racially-motivated beatings, arrests, searches and the filing of false charges.

124. Any reasonable police officer knew or should have known of these rights at the time of the complained-of conduct as they were clearly established at that time.

125. Plaintiff's race was a motivating factor in the decisions to use excessive force and then maliciously arrest and prosecute Plaintiff with false charges.

126. Defendants' conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the laws, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and Section 1981.

127. Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights.

128. The acts or omissions of each of the individual Defendant police officers were moving forces behind Plaintiff's injuries.

129. These individual Defendant police officers acted in concert and joint action with each other.

130. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

131. None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

132. The Defendants at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage or practice in their actions pertaining to Plaintiff.

133. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

134. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical expenses and other special damages, in amounts to be established at trial.

135. Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury, in amounts to be ascertained in trial.

136. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable law, pre-judgment interest and costs as allowable by federal and other applicable law. There may also be special damages for lien interests.

137. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendant police officers under 42 U.S.C. § 1983 and other applicable law, in that the actions of each of these

individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

## COUNT III

**42 U.S.C. §§ 1985, 1986 – Racial Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment**
(Against Defendants Darden, Taylor and the Doe Defendants)

138. Plaintiff repeats and realleges paragraphs 1 through 137, as if they were fully set forth herein.

139. Section 1985(3) creates a civil remedy where two or more persons conspire "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."

140. Section 1986 creates a civil remedy where a person "neglects or refuses" to prevent the commission of the wrongs covered by Section 1985.

141. Plaintiff is a citizen of the United States of America and all of the individual Defendant police officers are persons for purposes of 42 U.S.C. §§ 1985 and 1986.

142. All of the individual Defendant police officers, at all times relevant hereto, were acting under the color of state law in their capacities as Philadelphia police officers and their acts or omissions were conducted within the scope of their official duties or employment.

143. At the time of the complained-of events, Plaintiff had the clearly established constitutional right to be free from racial discrimination in law enforcement by police officers and to enjoy the equal protection of the laws.

144. Plaintiff, as an African-American, is a member of a protected class, and thus also had the clearly established statutory right under 42 U.S.C. §§ 1981, 1985 and 1986 to be free from racially-motivated beatings, arrests, searches and the filing of false charges.

145. Any reasonable police officer knew or should have known of these rights at the time of the complained-of conduct as they were clearly established at that time.

146. Plaintiff's race was a motivating factor in the decisions to use excessive force and then maliciously arrest and prosecute Plaintiff with false charges.

147. Defendants' conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the laws, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and Sections 1981, 1985 and 1986.

148. Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights.

149. The acts or omissions of each of the individual Defendant police officers were moving forces behind Plaintiff's injuries.

150. These individual Defendant police officers acted in concert and joint action with each other.

151. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

152. None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

153. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

154. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical expenses and other special damages, in amounts to be established at trial.

155. Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury, in amounts to be ascertained in trial.

156. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable law, pre-judgment interest and costs as allowable by federal and other applicable law. There may also be special damages for lien interests.

157. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendant police officers under 42 U.S.C. §§ 1981, 1985 and 1986 and other applicable law, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

## COUNT IV

**42 U.S.C. § 1983 – Retaliation in Violation of the First Amendment**
(Against Defendants Darden, Taylor and the Doe Defendants)

158. Plaintiff repeats and realleges paragraphs 1 through 157, as if they were fully set forth herein.

159. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

160. Plaintiff is a citizen of the United States of America and all of the individual Defendants are persons for purposes of 42 U.S.C. § 1983.

161. All of the individual Defendant police officers, at all times relevant hereto, were acting under the color of state law in their capacities as Philadelphia police officers and their acts or omissions were conducted within the scope of their official duties or employment.

162. At the time of the complained-of events, Plaintiff possessed the clearly established constitutional right to be free from retaliation for the exercise of protected speech.

163. Any reasonable police officer knew or should have known of this right at the time of the complained-of conduct as it was clearly established at that time.

164. Plaintiff exercised his constitutionally protected right to question law enforcement officers and/or engage in protected speech related to the constitutional rights of citizens with respect to searches of their person or property by the police and objectionable police conduct.

165. Retaliatory animus for Plaintiff's exercise of his constitutionally protected right to question Philadelphia police officers regarding the scope of their legal authority to search his person and property was a substantially motivating factor in the excessive force used by individual Defendants.

166. The excessive force used against Plaintiff in retaliation for his protected conduct would deter a person of ordinary firmness from continuing to engage in the protected conduct.

167. All of the individual Defendant police officers participated in this use of force as a means of retaliation for Plaintiff's protected speech and none of the Defendant police officers took reasonable steps to protect Plaintiff from this retaliation for the protected speech, despite having a realistic and reasonable opportunity and having a duty to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience-shocking force of each other police officer.

168. Each of the Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally-protected constitutional rights.

169. The acts or omissions of each of the individual Defendant police officers were moving forces behind Plaintiff's injuries.

170. The individual Defendant police officers acted in concert and joint action with each other.

171. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

172. None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

173. The Defendants at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

174. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

175. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical expenses and other special damages, in amounts to be established at trial.

176. Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury, in amounts to be ascertained in trial.

177. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable law, pre-judgment interest and costs as allowable by federal and other applicable law. There may also be special damages for lien interests.

178. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendant police officers under 42 U.S.C. § 1983 and other applicable law, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## COUNT V

**42 U.S.C. § 1983 – Malicious Prosecution in violation of the Fourth and Fourteenth Amendments**
(Against Defendants Darden, Taylor and Doe Defendants)

179. Plaintiff repeats and realleges paragraphs 1 through 178, as if they were fully set forth herein.

180. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

181. Plaintiff is a citizen of the United States of America and all of the individual Defendant police officers are persons for purposes of 42 U.S.C. § 1983.

182. All of the individual Defendant police officers were, at all times relevant hereto, acting under the color of state law in their capacities as Philadelphia police officers and their acts or omissions were conducted within the scope of their official duties or employment.

183. At the time of the complained-of events, Plaintiff had the clearly established constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of due process under the Fourteenth Amendment and applicable state law.

184. Any reasonable police officer knew or should have known of these rights at the time of the complained-of conduct as they were clearly established at that time.

185. The individual Defendant police officers violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from malicious prosecution without probable cause and without due process when they worked in concert to secure false charges against him, resulting in his unlawful confinement.

186. Each of the individual Defendant police officers conspired and/or acted in concert to institute a criminal proceeding against Plaintiff for resisting arrest, assaulting police officers and other charges without probable cause.

187. Each of the Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally-protected constitutional rights.

188. The initiation of prosecution against Plaintiff for the known to be false allegations of resisting arrest and assaulting police officers was malicious, shocking and objectively unreasonable in the light of the circumstances.

189. Those criminal proceedings terminated in Plaintiff's favor.

190. The acts or omissions of each of the individual Defendant police officers were moving forces behind Plaintiff's injuries.

191. These individual Defendant police officers acted in concert and joint action with each other.

192. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

193. None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

194. The Defendants at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage or practice in their actions pertaining to Plaintiff.

195. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

196. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medical expenses and may continue to incur further medical expenses or other special damages, in amounts to be established at trial.

197. Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury, in amounts to be ascertained in trial.

198. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable law, pre-judgment interest and costs as allowable by federal and other applicable law. There may also be special damages for lien interests.

199. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendant police officers under 42 U.S.C. § 1983 and other applicable law, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## COUNT VI

**Violation of 42 U.S.C. § 1983 – Deliberately-indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981**
(Against City and County of Philadelphia and Defendant Ramsey only)

200. Plaintiff repeats and realleges paragraphs 1 through 199, as if they were fully set forth herein.

201. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

202. Plaintiff is a citizen of the United States of America and Defendants are persons for purposes of 42 U.S.C. § 1983.

203. Each of the Defendants was at all times relevant hereto acting under the color of state law.

204. Plaintiff had the following clearly established rights at the time of the complained-of conduct:

(a) the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment;

(b) the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

(c) the right to exercise his constitutional rights of free speech under the First Amendment without retaliation;

(d) the right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981; and

(e) the right to be free from malicious prosecution under the Fourth and Fourteenth Amendments.

205. Defendant Ramsey and the Defendant City knew or should have known of these rights at the time of the complained-of conduct as they were clearly established at that time.

206. The acts or omissions of these Defendants, as described herein, deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

207. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

208. None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

209. Defendant Ramsey, the Defendant City, and Internal Affairs were, at all times relevant hereto, policymakers for the City and County of Philadelphia and the Philadelphia Police Department, and in that capacity established policies, procedures, customs and/or practices for the same.

210. These Defendants developed and maintained policies, procedures, customs and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims, and resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

211. Defendant Ramsey and the Defendant City have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs and practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

212. In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights, such as those described herein, that the

failure to provide such specialized training and supervision is deliberately-indifferent to those rights.

213. The deliberately-indifferent training and supervision provided by the Defendant City and Defendant Ramsey resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to the Defendant City and Defendant Ramsey and were moving forces in the constitutional and federal violation injuries complained-of by Plaintiff.

214. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

215. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically-related expenses related expenses and may continue to incur further medical expenses or other special damages, in amounts to be established at trial.

216. Upon information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury, in amounts to be ascertained in trial.

217. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and other applicable law, pre-judgment interest and costs as allowable by federal and other applicable law. There may also be special damages for lien interests.

218. Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 and other applicable law to redress Defendants' above-described ongoing deliberate indifference in policies, practices, habits, customs and usages, and training and supervision, with respect to the rights described herein, and with respect to the ongoing policy

and/or practice of Internal Affairs of failing to investigate or appropriately handle complaints of the same, which Defendants have no intention of voluntarily correcting despite the obvious need and requests for such correction.

## COUNT VII

**(Assault and Battery)**
(Against All Individual Defendants)

219. Plaintiff repeats and realleges paragraphs 1 through 218, as if they were fully set forth herein.

220. As set forth in this Complaint, Defendants individually and/or jointly and in conspiracy, savagely beat and assaulted Plaintiff without reasonable or probable cause.

221. Defendants are liable for assault and battery upon Plaintiff because it was proximately caused by their unlawful actions as set forth in this Complaint.

222. The use of excessive force by the individual Defendant police officers was, in and of itself, an unlawful seizure of Plaintiff under the Fourth Amendment and other applicable law.

223. None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federal and state rights and because Plaintiff's injuries were caused by such willful misconduct.

224. As a result of the wrongful acts of the Defendants in assaulting and beating Plaintiff, he has suffered the injuries and damages described in this Complaint.

225. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

## COUNT VIII

**(False Arrest and False Imprisonment)**
(Against All Individual Defendants)

226. Plaintiff repeats and realleges paragraphs 1 through 225, as if they were fully set forth herein.

227. The individual Defendant police officers individually and/or jointly and in concert with each other, falsely arrested and falsely imprisoned Plaintiff without reasonable or probable cause.

228. The individual Defendant police officers are liable for the false arrest and false imprisonment of Plaintiff because it was proximately caused by their unlawful actions as set forth in this Complaint.

229. The use of excessive force by the individual Defendant police officers was, in and of itself, an unlawful seizure of Plaintiff under the Fourth Amendment and other applicable law.

230. None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federal and state rights and because Plaintiff's injuries were caused by such willful misconduct.

231. As a result of the wrongful acts of the Defendants in falsely arresting and falsely imprisoning Plaintiff, he has suffered the injuries and damages described in this Complaint.

232. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

**COUNT IX**
**(Malicious Prosecution)**
(Against All Individual Defendants)

233. Plaintiff repeats and realleges paragraphs 1 through 232, as if they were fully set forth herein.

234. At the time of the complained-of events, Plaintiff had the clearly established constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of due process under the Fourteenth Amendment and applicable state law.

235. Any reasonable police officer knew or should have known of these rights at the time of the complained-of conduct as they were clearly established at that time.

236. The individual Defendant police officers violated Plaintiff's rights under the Fourth and Fourteenth Amendment and applicable state law to be free from malicious prosecution without probable cause and without due process when they worked in concert to secure false charges and prosecution against him, resulting in his unlawful confinement.

237. Each of the individual Defendant police officers conspired and/or acted in concert to institute against Plaintiff a criminal proceeding for resisting arrest, assaulting police officers and other charges without probable cause.

238. Each of the Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally-protected constitutional rights and his rights under applicable state law.

239. The initiation of prosecution against Plaintiff for the known-to-be-false allegations of resisting arrest and assaulting police officers was malicious, shocking and objectively unreasonable in the light of the circumstances.

240. Those criminal proceedings terminated in Plaintiff's favor.

241. The acts or omissions of each of the individual Defendant police officers were moving forces behind Plaintiff's injuries.

242. The individual Defendant police officers acted in concert and joint action with each other.

243. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional, state and statutory rights and caused him other damages.

244. None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federally and state-protected rights and because Plaintiff's injuries were caused by such willful misconduct.

245. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

## COUNT X

**(Intentional Infliction of Emotional Distress)**
(Against All Individual Defendants)

246. Plaintiff repeats and realleges paragraphs 1 through 245, as if they were fully set forth herein.

247. The individual Defendant police officers and their co-conspirators intentionally engaged in extreme and outrageous behavior against Plaintiff including, but not limited to, employing unlawful interrogation tactics, including psychological manipulation and extreme physical coercion.

248. The individual Defendant police officers are liable for this intentional infliction of emotional distress because it was proximately caused by their actions as set forth in this Complaint.

249. The use of excessive force by the individual Defendant police officers was, in and of itself, an unlawful seizure of Plaintiff under the Fourth Amendment and applicable state law.

250. None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federal and state rights and because Plaintiff's injuries were caused by such willful misconduct.

251. Defendants' outrageous behavior caused Plaintiff to suffer severe emotional distress including, but not limited to, anxiety, fear, anger, depression and humiliation and the injuries described in this Complaint.

252. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

## COUNT XI

**(Conspiracy)**
(Against All Defendants)

253. Plaintiff repeats and realleges paragraphs 1 through 252, as if they were fully set forth herein.

254. The individual Defendant police officers and other persons, some of whom are not yet identified, including, but not limited to, law enforcement personnel, together reached an understanding, engaged in a course of conduct and otherwise jointly acted and/or conspired

among and between themselves to falsely arrest, falsely imprison and prosecute Plaintiff, and intentionally inflict severe emotional distress upon Plaintiff.

255. In furtherance of this conspiracy or conspiracies, the individual Defendant police officers, together with the unnamed co-conspirators, committed the overt acts described in this Complaint, including, but not limited to, employing excessive force to falsely arrest, falsely imprison and maliciously prosecute Plaintiff, and intentionally inflict severe emotional distress upon Plaintiff.

256. The individual Defendant police officers are liable for this conspiracy because it was proximately caused by their unlawful acts and omissions as described in this Complaint.

257. None of the Defendants is entitled to qualified immunity or any other kind of immunity for the complained-of conduct because Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith and in reckless disregard of Plaintiff's federal and state rights and because Plaintiff's injuries were caused by such willful misconduct.

258. This conspiracy proximately caused the injuries to Plaintiff as described in this Complaint.

259. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein, entitling him to compensatory and special damages, in amounts to be determined at trial.

WHEREFORE, with respect to each of the foregoing Counts, Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant the following relief:

(a) compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

(b) economic losses on all claims allowed by law;

(c) special damages in an amount to be determined at trial;

(d) punitive damages on all claims allowed by law against the individual Defendants in an amount to be determined at trial;

(e) attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, or other applicable law, including expert witness fees, on all claims allowed by law;

(f) pre- and post-judgment interest at the lawful rate; and

(g) any further relief that this Court deems just and proper, and any other appropriate relief at law and equity.

Respectfully submitted,

David B. Sherman, Esquire
Solomon, Sherman & Gabay
1628 JFK Boulevard
8 Penn Center, Suite 2200
Philadelphia, PA 19103
(215) 665-1100

Counsel for Plaintiff

Dated: March 7, 2014

**VERIFICATION**

I, RODNEY HANDY, hereby verify that the statements made in the foregoing Civil Action Complaint, are true and correct to the best of my information, knowledge and belief after reasonable inquiry. I understand that statements made herein are subject to the penalties of 18 Pa C.S.A. Section 4904, relating to unsworn falsification to authorities.

Rodney Handy
RODNEY HANDY

DATED: 3/7/2014